Green, J.
delivered the opinion of the court.
In this case the bill alledges, that Donald Mclver, the husband of the complainant, was the owner in his lifetime, of 48 acres of deeded land, and of 150 acres of occupant land — that to secure the payment of a debt he owed to Daniel Cherry, the said Mclver agreed to mortgage the said land, and that to effect that object, the plat and certificate of survey in the entry taker’s oifice were transferred to Cherry, he executing to Mclver a deed of defeasance, stipulating that the land Was to be re-conveyed to Mclver whenever the money due to Cherry should be paid. In this state of things, Mclver and Cherry, both departed this life. The defendants are executors of Cherry’s last will and testament; one Kinchen Hathaway is administrator of Mclver’s estate. The administrator suggested that the estate of Mclver was insolvent, and filed a petition in the circuit court of Madison county, representing the insolvency of the estate, stating the existence of the mortgage to Cherry, to secure debts which remained unpaid — representing that 'the widow of Mclver claimed dower in the said lands, and asking that they be sold, for distribution of the proceeds pro rala, among the creditors of Mclver. The petition was endorsed by E. J. Read, agent for the executors of Cherry, addressed to the attorney, thus; “If this is lawful, I am willing.” There are no parties plaintiff to the petition except the administrator; and no defendants are made, or process issued. The circuit court decreed that the lands be sold, subject to the widow’s dower, and *715 that the proceeds be first applied to the payment of the money due on the mortgage, and the balance, if any, to be divided pro rata among the creditors of Mclver.
Under this decree the lands were offered for sale, and bid off by the complainant, who is the widow of said McIver; E. J. Read, the said agent of the defendants, being present, and bidding for said land. After this sale, Read paid in the entry-taker’s office, 12? cents per acre on the said 150 entry, procured a receipt therefor and a copy of the plat and certificate of survey, with the transfer to Cherry, and procured a grant to issue to the defendants. This bill is filed, insisting upon the validity of said sale, and the right of the. complainant to the land by virtue of said purchase — and that should said sale be inoperative, insisting that the complainant, as widow of Donald Mclver, the mortgagor, is entitled to be endowed of the said mortgaged lands, without regard to the extinguishment of the mortgage debt. The defendants demurred.
1. As to the validity of the sale. This it is said, although irregular is rendered valid, by reason of the assent of Read, the agent of the executors. We do not think so. The circuit court had no jurisdiction to foreclose the mortgage; and if it . had possessed that jurisdiction, there were no proper parties before the court. The heirs of Mclver, and the heirs of Cherry, were all necessary parties. The mortgaged estate descended to Cherry’s heirs, and the equity of redemption existed in the heirs of Mclver. If, therefore, Read’s conduct could be construed as binding on the executors of Cherry, the other parties were not bound thereby. The executors of Cherry and the administrator of Mclver, could not take away the right of the heirs of the mortgagor and mortgagee, by their agreement. This proceeding in the circuit court was therefore absolutely void and of no effect.
2. But it is.insisted, that, by the proviso of the act of 1715, *716 ch. 38, the widow'of the mortgagor is entitled to be endowed of the mortgaged premises, unless she joined in the mortgage. The counsel forget that this act was passed long before the act of 1784, prescribing the estate of which a widow shall be endowed. Before the act of 1784, the common law in relation to dower, was in force in North Carolina. The widow was dowable of all lands, of which the husband was seized during the coverture. Of course, unless she joined in the mortgage, or did some other act to bar her dower, she would be entitled to dower out of the mortgaged premises. The’ legislature in the act of 1715, in excluding the right of redemption in the case stated in the act — out of abundant caution, provide that the said land shall not be deemed or construed to bar any widow of any mortgagor, from her fight of dower to said land. By the act of 1784, the widow is only dowable of such lands as the husband died seized and possessed of. But he did not die seized of lands which had been conveyed by him to another, by a mortgage deed; and therefore, the widow is not dowa-ble of such lands. The demurrer to the bill was well, taken; it must be allowed. Affirm the decree.